■ PAMELA SZERLIP, Respondent, v EDWARD SZERLIP, Appellant.—The attorneys for the respective parties on this appeal from a judgment of the Supreme Court, Nassau County, entered May 12, 1975, after a conference before Mr. Justice Gittleson on July 30, 1975, have agreed that the controversy is settled, as set forth in a memorandum of said date, and the parties themselves have executed written consents thereto, dated September 25, 1975 and October 7, 1975, respectively, the settlement being that the judgment be modified as follows: (1) Adding thereto, as subparagraph 3 of subdivision (b) of the second decretal paragraph, the following provision: "On all other occasions not heretofore provided for above, and it is further"; (2) the fifth decretal paragraph thereof shall be deleted and the following provision substituted therefor: "ORDERED, ADJUDGED AND DECREED that the aforesaid child support shall not be diminished during the period of time when the defendant exercises his custodial rights over the children, except that when the defendant exercises his summer custodial rights he shall pay to the plaintiff only the sum of thirty-one and 25/100 ($31.25) Dollars per week for each child for that period, and no other sums for that period, and it is further". In accordance with the foregoing the judgment is modified as above set forth, and, as so modified, it is affirmed insofar as appealed from, without costs. Gulotta, P. J., Rabin, Hopkins, Martuscello and Latham, JJ., concur.

■ MILDRED ZIMTBAUM, Respondent, v ARTHUR ZIMTBAUM, Appellant. —The respective attorneys for the parties to this appeal from an order of the Supreme Court, Kings County, entered August 18, 1975, have agreed, after a conference in this court before Mr. Justice Gittleson on November 3, 1975, that the appeal be withdrawn, subject to restoration, upon motion no later than December 1, 1975, and that the case proceed to trial on November 10, 1975, and thereupon signed a stipulation to such effect. In accordance with the foregoing, the appeal is deemed withdrawn, without costs, subject to restoration as above stated, and it is ordered that the case proceed to trial on November 10, 1975. Gulotta, P. J., Rabin, Hopkins, Martuscello and Latham, JJ., concur.